UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TATIANA MIAGKIKH,

             Petitioner,

    v.

CHRISTOPHER CHESTNUT, et al.,

             Respondents.

No. 1:26-cv-03295-DJC-SCR

ORDER

Petitioner Tatiana Miagkikh filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) seeking release from immigration custody after thirteen months of detention. Respondents filed a Response (Response (ECF No. 5)), arguing that Petitioner's detention is statutorily mandated and constitutional.  For the reasons stated below, the Court GRANTS the Petition as to Count One.

**BACKGROUND**

Petitioner is a native and citizen of Russia who entered the United States on or around April 21, 2025.  (Pet. ¶ 1.)  After entering at the San Ysidro, California Port of Entry, Petitioner has remained in custody ever since.  (*Id.* ¶¶ 1,4.)  Petitioner was processed for expedited removal, and after passing a credible fear interview, was placed into removal proceedings under Immigration and Nationality Act § 240.  (Pet.

¶ 2; Response at 2.) Petitioner then filed an application for asylum, withholding of removal and protection under the Convention Against Torture. (Pet. ¶ 3.) On April 10, 2026, Petitioner's asylum and withholding of removal applications were denied. (*Id.* ¶ 45.) Petitioner has since appealed the decision, which is pending. (*Id.*) Petitioner received a bond hearing on September 12, 2025, where an Immigration Judge denied Petitioner's request, stating that the Immigration Court lacked authority to redetermine bond. (*Id.* ¶ 5; (ECF No. 5, Ex. 4).) Petitioner has received no individualized determination that she poses a danger to the community or risk of flight or any meaningful review of her detention. (*See* Pet. ¶¶ 4,5.)

Petitioner filed two previous habeas petitions challenging her detention, both of which were denied. (Pet. ¶ 8.) The first, *Miagkikh v. LaRose*, 3:25-cv-03755-CAB-BJW, concluded that under the factors outlined in *Banda v. McAleenan,* 385 F. Supp. 3d 1099 (W.D. Wash. 2019), Petitioner's detention did not violate due process, and the second, *Miagkikh v. Warden of Otay Mesa Detention Center,* 3:26-cv-00806-CAB-BLM, concluded that the petition contained no materially different legal claims or facts to alter the court's previous analysis. (*See id.*) At some point, Petitioner was transferred to the California City Correctional Facility. (*See id.* ¶ 28.) Petitioner filed the instant Petition arguing that the length of her detention has become prolonged and unreasonable such that relief is warranted. (*Id.* ¶ 58.) Respondents contend that Petitioner's detention is mandated by 8 U.S.C. § 1225(b)(1)(B)(ii), that she is not entitled to a bond hearing, and that her detention and removal proceedings comport with due process. (*See* Response at 2, 5-8.)

**DISCUSSION**

Petitioner raises claims similar to ones this Court has already addressed. This Court has joined other district courts in concluding that unreasonably prolonged detention under section 1225(b) without a bond hearing can violate the Due Process Clause. *See, e.g., Mohammad v. Warden of Cal. City Det. Ctr.,* No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); *Saribekyan v. Chestnut,* No. 1:26-

cv-01696-DJC-DMC (E.D. Cal. Mar. 19, 2026); *Du v. Chestnut,* No. 1:26-cv-01435-DJC-CSK, 2026 WL 823090 (E.D. Cal. Mar. 23, 2026).

Here, Petitioner has a clear liberty interest in securing her freedom from detention.  "Freedom from imprisonment–from government custody, detention, or other forms of physical restraint–lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Petitioner was detained in April 2025 and has remained in custody continuously since then.  (Pet. ¶ 4.)  On April 10, 2026, an Immigration Judge denied Petitioner's asylum and withholding of removal applications and Petitioner timely appealed.  (*Id.* ¶ 57.)  Therefore, Petitioner faces indefinitely prolonged detention while the administrative and potentially judicial review of her claims take place.  As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation will continue for a protracted and indefinite period, Petitioner has established her liberty interest.  *See Zadvydas*, 533 U.S. at 690, 693.

Courts in the Ninth Circuit apply the *Banda* factors to assess when prolonged detention violates the Due Process Clause.  *See, e.g., Sandesh v. LaRose,* No. 3:26-cv-00846-JES-DDL, 2026 WL 622690 (S.D. Cal. Mar. 5, 2026) (finding "it most appropriate to apply the *Banda* test to Petitioner's detention here under § 1225(b), as other courts within this district have done in the past" and collecting cases).  The factors are: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal."  *Banda,* 385 F. Supp. 3d at 1118.

First, the "length of detention, which is the most important factor," *id.,* weighs in Petitioner's favor as Petitioner has been detained for thirteen months.  (Pet. ¶ 48.)  Courts have found that detention approaching or exceeding a year weighs in favor of

granting a hearing.  *See Yacoub v. Scott,* No. 2:26-cv-00783-TL, 2026 WL 1107805, at *3 (W.D. Wash. Apr. 23, 2026) (collecting cases).

The second factor assesses the likely duration of future detention.  This factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *9 (W.D. Wash. May 23, 2019), *report and recommendation adopted,* No. 18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019).  Petitioner's appeal of the Immigration Judge's April decision remains pending.  (Pet. ¶ 57.)  Further, either party may seek Ninth Circuit review of the Board of Immigration Appeals' ("BIA") decision.  Therefore, Petitioner faces indefinitely prolonged detention while administrative and potentially judicial appeals of his removal order are decided.  Thus, this factor weighs in Petitioner's favor.  *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of petitioner who had appealed the Immigration Judge's decision to the BIA).

The third factor considers the conditions of detention.  "The more that conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d. at 1119.  Neither party has presented much argument or evidence as to the

4

conditions of Petitioner's confinement.  However, Petitioner discusses the significant health issues she has experienced and argues that her prolonged confinement has exacerbated those conditions resulting in multiple hospitalizations, severe hives, suffering a miscarriage, and other physical and mental harms.  (*See* Pet. ¶¶ 10–12.) Thus, this factor weighs slightly in favor of Petitioner.

The fourth *Banda* factor involves the delay attributed to Petitioner.  Here, Petitioner is pursuing an appeal of the Immigration Judge's determination as to her asylum and withholding of removal claims.  (Pet. ¶ 45.)  Petitioner's appeal of the Immigration Judge's decision on her asylum claim is a legitimate avenue for relief from removal and does not weigh against her.  *See Masood v. Barr*, No. 19-cv-7623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2022).  Respondents do not argue, nor does the record reflect that any delays in the removal process were caused by Petitioner acting unreasonably or in bad faith.  *See Martinez*, 2019 WL 5968089, at *10 (distinguishing between "legitimate defenses" to removal, which "cannot undermine [a petitioner's] claim that detention has become unreasonable" and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings").  So, this factor is neutral.

The fifth factor considers the delay in the removal proceedings caused by the Respondents.  Here, Petitioner argues that through no fault of her own, her master calendar hearings were continued multiple times.  (Pet. ¶¶ 6,7.)  It is unclear from the record what caused these delays.  Thus, this factor is neutral.

Finally, the Court lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of removal and therefore declines to do so.  *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).  Therefore, this factor is neutral.

////

The balance of these factors supports Petitioner as several factors, including the most important one, the length of Petitioner's detention, weigh in Petitioner's favor while none weigh in Respondents' favor.

Having established Petitioner has a liberty interest and determined that her prolonged and indefinite detention entitles her to process, the Court grants Petitioner a bond hearing.[1]

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED as to Count One.[2]  Within fourteen (14) days of this Order, Respondents shall afford Petitioner Tatiana Miagkikh a constitutionally adequate bond hearing before an Immigration Judge.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.  If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

Respondents shall file a status report within five (5) days of Petitioner's bond hearing, confirming a bond hearing was conducted.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  __**May 22, 2026**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] The Court continues to place the burden on the Government during the bond hearing, as it has previously required in similar circumstances.  *See, e.g., Du,* 2026 WL 823090; *Mohammed*, 2026 WL 192368.

[2] In the interest of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.